quire sufficient and allow only appropriate proof; for in that way only may the true meaning of the writing be understood and enforced.

We are of the opinion that the trial judge was justified in admitting the evidence objected to by the defendant and was also justified in his conclusion that the indorsement on the contract constituted a written guaranty.

Finding no errors in the record which justify a reversal, the judgment will be affirmed.

*Affirmed.*

---

## William & Vashti College for use of Robert L. Watson, Defendant in Error, v. Jefferson D. Shatford, Plaintiff in Error.

### Gen. No. 21,571.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JACOB H. HOPKINS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed February 7, 1917. Rehearing denied February 26, 1917.

### Statement of the Case.

Action by William & Vashti College, a corporation, for use of Robert L. Watson, plaintiff, against Jefferson D. Shatford, defendant, to recover $303.35 principal and interest on account stated for board, lodging, tuition and school books furnished defendant's minor son. From a judgment for plaintiff, defendant brings error.

HOAG & ULLMANN, for plaintiff in error.

A. W. MARTIN and EDWARD H. S. MARTIN, for defendant in error.

MR. JUSTICE TAYLOR delivered the opinion of the court.

## Abstract of the Decision.

1. PARENT AND CHILD, § 51*—*when evidence sufficient to show that father authorized minor son to contract college expenses.* .In an action by a college to recover on an account stated for tuition, board and lodging furnished defendant's minor son, evidence *held* sufficient to show that defendant authorized his minor son to receive tuition, board and lodging from the plaintiff on defendant's. account for one year.

2. WITNESSES, § 6*—*when witness fees and mileage are properly charged.* Witness fees and mileage are properly chargeable against a party who fails to give notice to the opposite party to an action that certain depositions, of which notice had been given, would not be taken in time to prevent such opposite party making the trip to take the depositions.

---

## John Gulliksen, Defendant in Error, v. White Eagle Brewing Company, Plaintiff in Error.

### Gen. No. 21,584.

1. ASSUMPSIT, ACTION OF, § 59*—*when action for use and occupation lies.* An action for use and occupation will generally lie where there is no question of plaintiff's title to the premises, but not where such title is questioned.

2. ASSUMPSIT, ACTION OF, § 59*—*when action for use and occupation lies against party in possession.* An action for use and occupation will lie by the owner of premises against a party in possession not holding under a hostile or adverse title after notice to pay rent; such was the rule at common law and has not been changed by the Landlord and Tenant Act (J. & A. ¶ 7039).

3. ASSUMPSIT, ACTION OF, § 89*—*when evidence is sufficient as to value of use and occupation of premises.* In an action for use and occupation, rent paid by a tenant is admissible in evidence as to the value of the use and occupation of the premises, and is sufficient.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.